UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ASIRUS MA'AT EL,

                Plaintiff,

-against-

CITY OF NEW YORK; BOARD OF EDUCATION;
DEARIE, Chief Judge; CHANCELLOR KLEIN; PS
206,

                Defendants.
------------------------------------------------------------------x

MEMORANDUM AND ORDER

08-CV-00795 (ENV)

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y
★ JUN 2 0 2008 ★

P.M. _____
TIME A.M. _____

VITALIANO, D.J.

      *Pro se* plaintiff, Asirus Ma'at El, brought this *in forma pauperis* action against the City of New York, the Board of Education, its Chancellor, and P.S. 206, the public school his children attend. By Order dated April 23, 2008, the action was dismissed for lack of subject matter jurisdiction and because it is frivolous. However, because Ma'at El was proceeding *pro se*, he was afforded 30 days to submit an amended complaint that complied with the dictates of Rule 8 by setting forth (a) the legal basis and factual allegations to support his claims against each defendant, as well as (b) as to each defendant, the demand for relief. Ma'at El has timely filed an amended complaint, adding Chief Judge Raymond J. Dearie as a defendant. The amended complaint, however, does not remedy the infirmities of his initial complaint. Accordingly, for the reasons set forth below, the action is dismissed.

## Background

      In his initial complaint, Ma'at El manifested his discontent regarding: (1) the alleged lack of attention to "African/Moorish-american" history in New York City's public school's, particularly at P.S. 206Q; (2) the school principal's alleged suggestion that Ma'at El



1

consider public school alternatives if dissatisfied with the current curriculum; and (3) Ma'at El's allegedly having been escorted from P.S. 206 during some unspecified public event. Ma'at El sought $100 million in compensatory and punitive damages and asked the court to provide answers to the two following questions:

- Can a public official make void –the exercise of a constitutional right?
- Can a constitutional right be converted into an evil act?

As with his initial complaint, the amended complaint expresses Ma'at El's dissatisfaction with the current curriculum at his son's school and his having been removed from PS 206. Ma'at El also now alleges that, as a result of the filing of the initial complaint, his son has "endured harassment, intimidation, false accusations, physical violence, a <u>constitutional – unlawful suspension</u>." He further contends that Chief Judge Raymond Dearie denied him due process by failing to answer the two questions posited in his initial complaint. The amended complaint does not contain a request for monetary compensation, but merely requests an answer to Ma'at El's previous questions.

## Discussion

1. Standard of Review

In reviewing Ma'at El's filing, the Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (quoting *Pabon v. Wright,* 459 F.3d 241, 248 (2d Cir.2006). However, "subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the

2

absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). When a court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. Id., see also Fed. R. Civ. P. 12(h)(3).

Further, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "An action is 'frivolous' when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy, or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citations and quotations omitted).

2. Subject Matter Jurisdiction

Ma'at El's amended complaint does not provide a basis for the exercise of this Court's subject matter jurisdiction. The judicial power of the United States is allocated by the Constitution to "one supreme Court," and to "such inferior Courts as the Congress may from time to time ordain and establish." U.S. Const. art. III, § 1. A court established under this provision is given the power to decide only "Cases" or "Controversies." Id. art. III, § 2, cl. 1. The existence of a case or controversy depends upon whether the person seeking relief has alleged a sufficient personal stake in the outcome of the case to assure that the court will be called upon to resolve real issues between genuine adversaries rather than merely to give advisory opinions with respect to abstract or theoretical questions. See Baker v. Carr, 369 U.S. 186, 204 (1962); Flast v. Cohen, 392 U.S. 83, 95-99 (1968). It is well settled that advisory opinions or even simple answers to general questions may not be given by federal courts, United

States v. Fruehauf, 365 U.S. 146, 157 (1961), and that the constitutionality of laws may be challenged only by those litigants who will suffer some actual or substantial injury from their enforcement; as distinguished from a remote, general, or hypothetical possibility of harm, United Public Workers v. Mitchell, 330 U.S. 75, 89-90 (1947).

Here, as set forth in the amended complaint, the instant action "is wholly based on the two questions that were posed" to the Court by Ma'at El. Such abstract questions are insufficient to present a live case or controversy; without a live case or controversy, the Court lacks subject matter jurisdiction, that is, the power to do anything.

3. Failure to State a Claim on Which Relief Can be Granted

Moreover, even if this Court had jurisdiction to consider Ma'at El's "claims" against the New York City public schools, it would dismiss the action for failure to state a claim on which relief may be granted and because the action is frivolous. Even despite the Court's broad construction, it cannot invent an actionable claim from this complaint. Thus, it is dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(I). Put simply, dictating the curriculum of New York City schools is not within the province of a federal district court.

Indeed, even if the Court could construe the complaint as brought pursuant to 42 U.S.C. § 1983 alleging a violation of his Due Process and other civil rights, Ma'at El has not stated a claim for relief. Complaints based on civil rights statutes must include specific allegations of facts showing a violation of rights, not merely conclusions. See Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987). Allegations which are broad, simple and conclusory statements fail to state a § 1983 claim. See Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987). While Ma'at El utilizes language invoking the Constitution and various key phrases from constitutional law such as "liberty" "denial of civil rights," the complaint "consist[s] of

nothing more than naked assertions, and set[s] forth no facts upon which a court could find a violation of the Civil Rights Acts." Martin v. N.Y. State Dep't of Mental Hygiene, 588 F.2d 371, 372 (2d Cir. 1978) (per curiam). The amended complaint thus fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## Conclusion

For the reasons set forth above, this action is dismissed for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3); Arbaugh, 546 U.S. at 514, and because it is frivolous and fails to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
June 19, 2008

ERIC N. VITALIANO
United States District Judge